GAUBERT OIL COMPANY, INC.

VERSUS

BAYOU FUEL MARINE AND HARDWARE
SUPPLIES, INC., C&M CONTRACTORS
INC., LAFITTE REAL ESTATE, L.L.C.,
JACQUELYN R. DAIGLE, JARED DAIGLE,
CHAD DAIGLE, GULF COAST BANK AND
TRUST COMPANY, NEW ORLEANS
REGIONAL BUSINESS DEVELOPMENT
LOAN CORPORATION, JLH ENTERPRISES,
L.L.C., JEAN LAFITTE HARBOR, L.L.C.,
JEAN LAFITTE MARINE, L.L.C.

NO. 19-CA-120

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 759-820, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

October 23, 2019

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.

**AFFIRMED**
> **JJM**
> **MEJ**
> **SJW**

COUNSEL FOR PLAINTIFF/APPELLANT,
GAUBERT OIL COMPANY, INC.
    Daniel A. Ranson
    Ryan C. Higgins

COUNSEL FOR DEFENDANT/APPELLEE,
GULF COAST BANK AND TRUST COMPANY, NEW ORLEANS REGIONAL
BUSINESS DEVELOPMENT LOAN CORPORATION
    Wayne A. Maiorana, Jr.
    Robert A. Mathis

**MOLAISON, J.**

This is an appeal from the grant of a partial summary judgment in favor of two defendants, Gulf Coast Bank and Trust Company (Gulf Coast) and New Orleans Regional Business Development Loan Corporation (RLC) in a revocatory action filed by Gaubert Oil Company, Inc. (Gaubert). The revocatory action is one of several claims asserted in a petition filed by Gaubert against numerous defendants as a result of a default on a promissory note held by Gaubert. Gulf Coast and RLC (collectively known as "the lenders") are lenders and hold mortgages and other security interests in certain immovable and movable property that Gaubert asserts was owned by Bayou Fuel Marine and Hardware Supplies, Inc. (Bayou Fuel), the maker of the promissory note which forms the basis of the revocatory action. Gaubert asserts that the property was sold to a third party, increasing or causing the insolvency of the debtor. For the following reasons, we affirm the judgment.

**PROCEDURAL HISTORY**

On April 12, 2016, Gaubert filed a petition naming defendants, Bayou Fuel, C&M Contractors, Inc. (C&M), Lafitte Real Estate, LLC (Lafitte Real Estate), Gulf Coast, RLC, Jean Lafitte Harbor, LLC, Jean Lafitte Marine, LLC, JLH Enterprises, LLC, (JLH), Jacquelyn Daigle, Chad Daigle, and Jared Daigle as solidary obligors. The petition states a claim for indebtedness on a promissory note made by Bayou Fuel, a revocatory action, enforcement of a security interest and purchaser liability.

The petition claims that on March 3, 2016, Bayou Fuel, C&M and Lafitte Real Estate sold movable and immovable property to JLH, adversely affecting Gaubert's security interest in the property. The petition prays for a judgment against all defendants, who Gaubert asserts are solidary obligors, that includes the annulment of the sale and transfer of any property, the liquidation of the property,

and the annulment of any and all security interests held by the lenders resulting from the sale.

Gaubert filed a motion for summary judgment against defendants Bayou Fuel, Jacquelyn Daigle, Jared Daigle and Chad Daigle as to a promissory note made by Bayou Fuel in Gaubert's favor. The trial court granted that motion in a judgment rendered on December 17, 2017. In that judgment, the trial court found that Bayou Fuel and the Daigles defaulted on a promissory note and were solidarily liable for payment to Gaubert in the amount of $609,726.35. That judgment was appealed to this Court. However, before the appeal was considered, the parties reached a compromise to satisfy the judgment, and ultimately filed a joint motion to dismiss the appeal. This Court granted that motion on October 8, 2018. *Gaubert Oil Company, Inc., v. Bayou Marine and Hardware Supplies, Inc.,* 18-225 (La. App. 5th Cir.).

In the instant appeal, Gulf Coast and RLC filed a motion for summary judgment, primarily arguing that a revocatory action cannot cancel a lender's mortgage. The trial court granted the summary judgment finding in part that, a revocatory action only lies to revoke contracts between third parties and the obligor. The trial court reasoned that at the time of the sale, Lafitte Real Estate and C&M, two of the sellers, were not Gaubert's obligors. Finally, the trial court found that Gaubert had no recorded lien interests in the assets of Lafitte Real Estate and C&M at the time of the sale.

Gaubert filed a motion for new trial which the trial court granted in part to clarify the original judgment. The trial court found that there is no genuine issue of material fact, and the lenders are entitled to judgment as a matter of law with regard to Gaubert's assertion of a revocatory action seeking to directly annul the lenders' mortgages and security interests, and dismissed those claims with prejudice. The judgment clarified that the summary judgment was granted as to

Gaubert's assertion that the lenders' mortgages may be invalid based on a theory that Bayou Fuel, C&M and Lafitte Real Estate operated as a single business enterprise. The judgment makes it clear that nothing in the original judgment affects Gaubert's claim that Bayou Fuel, C&M, and Lafitte Real Estate operated as a single business enterprise and that each is a solidary obligor on the promissory note, and that nothing in the original judgment is meant to affect the ranking of any security interest. Gaubert appeals.

In a separate, but related appeal pending before this Court, defendants, JLH, Jean Lafitte Harbor, LLC and Jean Lafitte Marine, LLC, filed a motion for summary judgment in the revocatory action. The trial court granted that motion and dismissed Gaubert's revocatory action against JLH, noting that the other two defendants were previously dismissed with prejudice from this case by a judgment dated November 27, 2018. *Gaubert Oil Company, Inc. v. Bayou Fuel Marine and Hardware Supplies, Inc.,* 19-252 (La. App. 5th Cir.) _____ So.3d ___.

**FACTS**

Bayou Fuel, C&M and Lafitte Real Estate are businesses started by Kenneth Daigle and Al Gross in the 1970's in Lafitte, Louisiana. Bayou Fuel operated as a marina and supply business selling fuel, groceries, marine and hardware supplies. C&M provided crane and dock services for the oil field industry with equipment to load and unload barges. C&M also rented boats and cabins, and operated a trailer park. Lafitte Real Estate owned the immovable property, located at 4932 Kenal Drive, which it leased to the other two entities.

In 2006, Kenneth Daigle's sons, Chad and Jared, purchased Mr. Gross' 50% shares in the businesses for $2.6 million through financing and a mortgage with Whitney Bank. That mortgage was subsequently assigned to NCC Financial, LLC (NCC). After that transaction, all three businesses were owned by Jacquelyn

Daigle (Nicholas Daigle's wife) (50%), Chad Daigle (26%) and Jared Daigle (24%) respectively.

Gaubert, a supplier of commercial fuel including gasoline and diesel fuel, sold fuel to C&M and Bayou Fuel on an open account for many years, and the parties agreed that a good business relationship existed among them. In 2014, when the amount unpaid on the open accounts grew to about $900,000.00, Gaubert put deliveries on a cash on delivery basis. Shortly thereafter, Gaubert and Bayou Fuel agreed to convert the accounts payable to a promissory note in favor of Gaubert. Gaubert agreed to waive the finance charges on the amount due, and Bayou Fuel executed a promissory note to Gaubert in the amount of $774,670.14. In conjunction with the promissory note, the parties also executed a commercial security agreement encumbering the equipment, inventory, accounts receivables, and proceeds from the sale of any of the assets of Bayou Fuel. The documents were filed in the Lafourche Parish registry. After a few months, the companies stopped making payments to Gaubert on the promissory note because of financial restraints.

In 2015, the Daigles' decided to sell all of their holdings. Their real estate agent secured an interested buyer, Nicholas Dinet, who agreed to purchase the real property and all equipment and inventory for $3.1 million. However, Mr. Dinet was unable to secure financing to complete the transaction.

Further negotiations involved Maria Couevas, who was only able to secure financing in the amount of $1.8 million through a combination of loans including one by Gulf Coast and two by RLC. RLC is a community development entity which provides financing for commercial projects that banks will not fund.

An agreement to purchase the property for $1.8 million was executed and the transaction was completed on March 3, 2016 by two acts of sale. In one, Lafitte Real Estate sold the immovable property located at 4932 Kenal Drive for

$1.8 million to JLH, which was represented by Maria Couevas. In the second, Lafitte Real Estate, C&M and Bayou Fuel sold all movables and assets of all three businesses for $1.8 million.[1] Primary financing for the purchase was obtained by an $840,000 loan from Gulf Coast and two $300,000 loans from RLC. An amendment to the purchase agreement shows an agreement between the Daigles and Ms. Couevas whereby the sellers would finance $600,000 of the purchase price in the form of a mortgage on real property located at 3894 Jean Lafitte Road in Lafitte, Louisiana. Additionally, Gulf Coast extended a $100,000 line of credit to Jean Lafitte Harbor, LLC, a company related to JLH.

At the time of the sale, a mortgage in favor of Whitney Bank in the amount of $4,080,000 was recorded in the Jefferson Parish records. The mortgage, which had been assigned to NCC, had a balance due of $1,926,269.77. Because Gulf Coast and RLC could not obtain first and second mortgages on the property until the Whitney/NCC mortgage was paid in full and cancelled, the Whitney/NCC debt was paid at the time of the act of sale. The settlement statement shows disbursement of the funds for this purpose.

JLH executed promissory notes for each loan. The Gulf Coast and RLC notes are secured by multiple indebtedness mortgages encumbering the Kenal Drive property, multiple indebtedness mortgages encumbering two parcels of immovable property owned by the buyer, and security agreements encumbering the movable property transferred in the March 3, 2016 sale.[2] All debt documents related to the sale and loans by Gulf Coast and RLC were duly recorded in the Jefferson Parish records.

Gaubert instituted this litigation to collect on the promissory note and to revoke the sale of the property and assets. In the course of the litigation, Gaubert

---

[1] This second act of sale makes it clear that the sale price included the immovable property.
[2] It does not appear that the $600,000 promissory note in favor of the seller was secured by a mortgage.

secured a judgment against Bayou Fuel and the Daigles on the promissory note in the amount of $609,726.35.  As noted above, the parties reached an agreement to settle that portion of the litigation, and on September 28, 2018, Gaubert, Bayou Fuel and the Daigles executed a partial dation en paiement[3] acknowledging the total indebtedness of $1,020,120.33, and transferring certain immovable property owned by the Daigles.  $291,320.73 remains as a deficiency after the dation en paiement.

This protracted litigation continued and brings two summary judgments in two separate appeals before this Court.  On review in this appeal is the trial court's grant of a partial summary judgment concerning certain claims against Gulf Coast and RLC.

## ASSIGNMENTS OF ERROR

In brief to this Court Gaubert assigns four errors:

1.) The trial court erred in finding that the public records doctrine is an exception to the revocatory action and, therefore, prevents Gaubert from invalidating lenders' mortgages and security interests on the property transferred by Gaubert's obligors to JLH.

2.) The trial court erred in finding that the result of Gaubert's revocatory action, if successful, will not affect the lenders' mortgages and security interests in the property transferred by the Daigle Enterprise to JLH.

3.) The trial court erred in failing to recognize that genuine issues of material fact exist with respect to the ownership of the property transferred by the Daigle Enterprise to JLH precluding summary judgment in favor of the lenders.

4.) The trial court erred in finding that Lafitte Real Estate and C&M cannot be Gaubert's obligors at the time of the sale as required in a revocatory action based on an erroneous interpretation of the single business enterprise theory having only prospective application.

---

[3] Dation en paiement, or giving in payment, is a contract whereby an obligor gives a thing to the obligee, who accepts it in payment of a debt.  La. C.C. art. 2655.

## LAW AND ANALYSIS

Appellate courts review the granting of summary judgment *de novo* using the same criteria governing the trial court's consideration of whether summary judgment is appropriate. *Gutierrez v. State Farm Fire & Cas. Ins. Co.*, 13-341 (La. App. 5 Cir. 10/30/13), 128 So.3d 509, 511. A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact, and is favored and designed to secure the just, speedy, and inexpensive determination of every action. *Village Shopping Ctr. P'ship v. Kimble Dev., LLC*, 18-740 (La. App. 5 Cir. 4/24/19), 271 So.3d 376, 380. La. C.C.P. art. 966 A (3) provides that, "[a]fter an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."

La. C.C.P. art 966 D (1) provides that the burden of proof rests with the mover, unless the mover does not bear the burden of proof at trial on the issue that is before the court. In that case, "the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id*. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett,* 2004-0806 (La. 6/25/04), 876 So.2d 764, 765-66.

A genuine issue is one as to which reasonable persons could disagree. If reasonable persons could reach only one conclusion, there is no need for trial on

that issue and summary judgment is appropriate. *Id.* Any decision as to the propriety of a grant of the motion must be made with reference to the substantive law applicable to the case. Only in the context of the applicable substantive law can issues of material fact be ascertained. *Johnson v. Folse*, 07-1031 (La. App. 5 Cir. 5/27/08), 986 So.2d 110, 114, *writ denied,* 08-1377 (La. 9/26/08), 992 So.2d 991.

In the judgment on the motion for new trial, the trial court granted the summary judgment, finding that there is no genuine issue of material fact and that the lenders were entitled to summary judgment with regard to the validity of the lenders' mortgages and security interests.  In its reasons for judgment, the trial court found that under La. C.C. art. 2036[4] a revocatory action lies only to revoke contracts between third parties and the obligor.  Further, the court found that Lafitte Real Estate and C&M were not obligors at the time of the sale, rejecting Gaubert's assertion that the single business enterprise theory is applicable.  Finally, the trial court found that Gaubert possessed no lien interests recorded in the public records regarding assets belonging to Lafitte Real Estate and C&M, thus giving the lenders protection from any claim as to those entities.

The judgment of the trial court retains Gaubert's right to assert a revocatory action seeking the annulment of the sale of assets of the three companies to JLH, and does not affect the lenders status as parties pursuant to La. C.C. art. 2042.[5]

---

[4]La. C.C. art. 2036 provides that; An obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency.

[5]La. C.C. art. 2042 provides that; In an action to annul either his obligor's act, or the result of his obligor's failure to act, the obligee must join the obligor and the third persons involved in that act or failure to act.

A third person joined in the action may plead discussion of the obligor's assets.

**SINGLE BUSINESS ENTERPRISE**

Two of Gaubert's assignments of error relate to its assertion that Bayou Fuel, C&M and Lafitte Real Estate should be considered as a single business enterprise, making all three businesses liable on the obligation that forms the basis of the revocatory action. The single business enterprise doctrine is a theory for imposing liability where two or more business entities act as one. *Khoobehi Properties, LLC v. Baronne Dev. No. 2, L.L.C.*, 16-506 (La. App. 5 Cir. 3/29/17), 216 So.3d 287, 298, *writ denied*, 2017-0893 (La. 9/29/17), 227 So.3d 288. Corporations are separate entities; however, the legal fiction of a distinct corporate entity may be disregarded when a corporation is so organized and controlled as to make it merely an instrumentality of another corporation. *Id.*

Gaubert argues that there are genuine issues of material fact that exist with respect to the ownership of the assets transferred in the sale, based on Gaubert's assertion that the single business enterprise theory is applicable. In support of these assignments, Gaubert argues that the treatment of all three entities as "seller" in the act of sale is evidence that the entities were operated as a single business enterprise. Gaubert also argues the trial court erred in finding that Lafitte Real Estate and C&M cannot be Gaubert's obligors at the time of the sale as required in a revocatory action based on its erroneous interpretation of the single business enterprise theory having only prospective application.

Lenders counter that the relationship of the obligee and the obligor must be established before the sale that formed the basis of the revocatory action, not after. Lenders point out that, while Bayou Fuel is an obligor pursuant to the promissory note, C&M and Lafitte Real Estate are not. We find lenders' argument convincing.

La. C.C. art. 1756 defines obligation as "a legal relationship whereby a person, called the obligor, is bound to render a performance in favor of another, called the obligee." The party asserting an obligation bears the burden of proof. La.

C.C. art. 1831. The record is clear that Bayou Fuel is the only entity bound by the promissory note used as a basis for the revocatory action. The remaining two entities are not bound by the note, and therefore are not bound to render a performance in favor of Gaubert under article 1756. This position is also supported by the fact that Gaubert successfully sought partial summary judgment on the note, and ultimately settled only with Bayou Fuel and the Daigles individually on that obligation.

The revocatory action derives from La. C.C. art. 2036, which provides that "(a)n obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency." In order for an obligee to annul an act of the obligor, he must show; (1) an act (or failure to act) of the obligor that causes or increases the obligor's insolvency, and; (2) the act must occur after the obligee's rights arose. *Long Duc Bui v. Mughal*, 52,514 (La. App. 2 Cir. 2/27/19), 266 So.3d 494, 498. Article 2036 makes it clear that a revocatory action will not lie before the obligee's rights arise. It is axiomatic that the obligee's right cannot arise before the obligation exists. The only obligation that existed at the time Gaubert filed this revocatory action was the obligation on the note made by Bayou Fuel.

Based on the above cited law, we find no error in the trial court's determination that Gaubert's single business enterprise theory has prospective application. C&M and Lafitte Real Estate were not obligors on the note, nor were they cast in judgment as obligors to Gaubert in the December 17, 2017 summary judgment. Neither business entity had an established obligation to Gaubert at the time of the filing of the revocatory action. After making that finding, it follows that there is no need for a factual determination relating to the single enterprise theory which would preclude the grant of the summary judgment as it relates to the

issue of Gaubert's right to a revocatory action to directly annul the sale or the lenders' mortgages.

**PUBLIC RECORDS DOCTRINE**

The remaining two assignments of error relate to the effect of the public records doctrine on a revocatory action. Gaubert asserts that the public records doctrine has no application to a revocatory action. Gaubert argues that the obligee's interest in the revocatory action does not need to be recorded to be effective against third parties. In essence, Gaubert's general argument is that it is not required to have a recorded interest in the assets belonging to Lafitte Real Estate and C&M because the right to annul the sale is based on its interest in the revocatory action, which is an interest that does not require recordation under the law to affect third parties. Gaubert argues that, while the public records doctrine protects third parties against unrecorded acts, it does not protect third parties against unrecorded interests.

Gaubert further argues that the exceptions to the public records doctrine recognized in the civil code encompass the protection of unrecorded interests and creditors' rights based on the insolvency of the seller. More specifically, Gaubert argues there is a genuine issue of material fact with respect to the ownership of the assets and Gaubert's rights to those assets since all assets of all three entities were combined in the sale.

Under the facts of this case, we find an examination of the relationship between the public records doctrine and a revocatory action is unnecessary. As previously explained, we find that Gaubert cannot extend liability to C&M and Lafitte Real Estate after the sale on a single business enterprise theory. The obligation must have existed before the sale. Thus, Gaubert's claim in the revocatory action will only lie against Bayou Fuel, which had no ownership interest in the immovable property transferred in the sale. The only interest that

can be legally asserted in this revocatory action is one in the movables owned by Bayou Fuel.

Gaubert argues that this interest in the movables, owned by Bayou Fuel and included in the sale, justifies the annulment of the lenders' mortgage and security interests in the property. We disagree. The lenders have a mortgage on the immovable property that was transferred from Lafitte Real Estate to JLH in an act of sale. Since Lafitte Real Estate is not an obligor, Gaubert has no interest in that sale and cannot prove the essential elements of its action in a revocatory action against Lafitte Real Estate, or by extension, the lenders. Therefore, we find that the lenders' mortgage on the immovable property cannot be annulled. Summary judgment as to that issue was correctly granted.

In a separate document, the movables of all three businesses were sold to JLH. This included the movables owned by Bayou Fuel. Since Bayou Fuel is an obligor, Gaubert can bring a claim for revocation against Bayou Fuel and "third persons involved in that act." La. C.C. art. 2042. We find the term "involved in that act," is broad enough to include the lenders as well as the buyer. We note that the trial court retained the lenders' status as parties pursuant to article 2042 in the judgment partially granting the motion for new trial.

One of the essential elements of a revocatory action is a showing that the sale "causes or increases the obligor's insolvency." La. C.C. art. 2036. The existence of the debt and insolvency of the debtor are the two prerequisites to revocation of the transaction. *Reading & Bates Const. Co. v. Baker Energy Res. Corp.*, 96–1276 (La. App. 3d Cir. 5/21/97), 698 So.2d 413, 422, *writ denied,* 97–2548 (La. 1/16/98), 706 So.2d 976. An obligor is insolvent when the total of his liabilities exceeds the total of his fairly appraised assets. La. C.C. art. 2037.

Gaubert asserts that Bayou Fuel was insolvent at the time of the sale. There is evidence in the record to support that claim. However, if the insolvency existed

at the time of the sale, Gaubert must meet its burden of proof that the sale increased the insolvency. Gaubert failed to produce any evidence that the sale negatively affected Bayou Fuel's financial condition. In fact, the evidence indicates Bayou Fuel's financial condition improved after the sale. The undisputed facts show that Bayou Fuel was an obligor on a $1,926,269.76 mortgage in favor of NCC that was extinguished with the proceeds of the sale as shown in the settlement statement from the sale. There is also evidence in the record that Bayou Fuel has an interest in the $600,000 seller's loan to the buyer.

We find Gaubert is unable to prove an increase in the insolvency of Bayou Fuel, an essential element of the action at issue in this matter. Therefore, we find summary judgment was correctly granted. Accordingly, we find no merit in Gaubert's assignments of error, and we affirm the judgment of the trial court on appeal.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 23, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
MARY E. LEGNON
INTERIM CLERK OF COURT

# 19-CA-120

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
RYAN C. HIGGINS (APPELLANT)          JAMES L. DONOVAN, JR. (APPELLEE)          GUS A. FRITCHIE, III (APPELLEE)
JOEL A. LEVY (APPELLEE)              DANIEL A. RANSON (APPELLANT)

### MAILED

ROBERT S. REICH (APPELLEE)          WAYNE A. MAIORANA, JR. (APPELLEE)
ATTORNEY AT LAW                     ROBERT A. MATHIS (APPELLEE)
3850 N. CAUSEWAY BOULEVARD          ATTORNEYS AT LAW
SUITE 1000                          433 METAIRIE ROAD
METAIRIE, LA 70002                  SUITE 600
                                    METAIRIE, LA 70005